1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,              No. CR-17-08021-001-PCT-DLR

10            Plaintiff,                      **ORDER**

11   v.

12   Arianna Racelle Soohafyah,

13            Defendant.

14

15          Before the Court is the Defendant's letter to the Court which has been docketed as

16   a motion for relief under the First Step Act of 2018 (Doc. 19). The Clerk forwarded the

17   letter to Federal Public Defender who has filed a Notice Regarding Defendant's *Pro Se*

18   Filing Regarding the First Step Act of 2018 (Doc. 20) ("Notice").

19          The Notice, which does a thorough and complete analysis of the Defendant's

20   opportunity for relief under either the Second Chance Act of 2007 or the First Step Act,

21   correctly concludes that neither provide a basis for relief.  The Notice correctly explains

22   that the First Step Act:

23

24          includes two changes that affect the amount and kinds of credit that a federal
             prisoner may earn toward her sentence. The first, in § 102(b)(1) of the First Step
25          Act, amends 18 U.S.C. § 3624(b) to "require the BOP to permit up to 54 days per
             year" of good-time credit toward a sentence. See *Bottinelli v. Salazar*, 929 F.3d
             1196, 1197 (9th Cir. 2019). The Ninth Circuit has held that the BOP will apply this
26          change to federal prisoners' calculation of release dates beginning on July 19, 2019.
             See Id. at 1199–1202. The second, also in § 102(b)(1) of the Act, creates a system
27          of "earned time credit," which is "awarded for successfully completing evidence-
             based recidivism reduction programming or production activities." Id. at 1197 &
28          n.1. Ms. Soohafyah does not assert in her letter that she has been denied the increase
             in good-time credit. Nor does she assert that she has been denied placement in any

program under which she might earn earned-time credit. And even if she did make such an assertion, because those disputes challenge the execution of her sentence, they must be heard in the Northern District of California. (Doc. 20 at 2.)

Additionally, the Defendant was not convicted of a drug-trafficking offense involving crack cocaine and therefore does not qualify for a sentence reduction under section 404 of the First Step Act. And the Defendant does not indicate that she has requested compassionate release from the Bureau of Prisons that has not been acted on. For all of these reasons her letter does not state a colorable claim for relief under either act and she is therefore not entitled to the appointment of counsel at this time.

**IT IS ORDERED** that Defendant's letter, construed by the Court to be a request for relief under the First Step Act of 2018, is DENIED.

Dated this 25th day of November, 2019.

Douglas L. Rayes
United States District Judge